IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR251** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **RICHARD NORWOOD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 24) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 16) filed by the Defendant, Richard Norwood, be denied. The Defendant filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 32, 33) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Norwood is charged in a one-count Indictment with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, or aiding and abetting that crime. (Filing No. 1.) Norwood seeks the suppression of evidence obtained as a result of the June 5, 2008, traffic stop, detention, and search of the vehicle driven by Norwood. (Filing No. 16.)

Following an evidentiary hearing, Judge Thalken issued oral findings of fact and conclusions of law and a brief written Report and Recommendation. (Filing No. 27 ("Tr."), at 64-73; Filing No. 24.) Judge Thalken concluded: two traffic violations provided probable cause for the traffic stop; the Defendant's inconsistent statements regarding luggage provided reasonable suspicion to prolong the stop for further investigation[1]; the canine sniff

---

[1] Judge Thalken found the issue of reasonable suspicion to be a "close" question. (Tr., at 71.)

took place within minutes and therefore was a de minimis detention; and the canine's positive alert provided probable cause for the search of the vehicle. Judge Thalken therefore recommends that the motion to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a detailed account of the events surrounding the encounter. (Tr. at 64-67.) The Court has considered the transcript of the hearing conducted by Judge Thalken. (Filing No. 27.) The Court also carefully viewed the evidence. (Filing No. 23.) Norwood objects to Judge Thalken's factual summary, arguing that he clearly refused the officer's request to search the vehicle.[2] As stated below, however, based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

---

[2] In fact, Judge Thalken found that Norwood "did not give him consent to search and did not have permission to search." (Tr., at 67.)

2

## FACTUAL BACKGROUND

Briefly, on June 5, 2008, Sergeant Van Buren followed a white Crown Victoria on Interstate 80. Sergeant Van Buren observed two traffic violations: the vehicle was following another vehicle too closely; and the vehicle slowed to less than 40 miles per hour. A check of the license plate showed that the vehicle was not stolen. Sergeant Van Buren stopped the vehicle. Norwood, the driver, was the only occupant of the vehicle. Norwood produced an insurance card and an Ohio driver's license, but he could not produce the vehicle's registration. (Tr. 64-65.) Inside the vehicle were fast food wrappers. While Sergeant Van Buren ran a further check of the vehicle, he noticed that Norwood was breathing heavily and displayed a demeanor that seemed abnormal for a routine traffic stop. Norwood said that he was in California for his brother's wedding and made some inconsistent statements regarding whether his luggage was in the front or back of the car. When Sergeant Van Buren stopped the car, he called for a canine officer. Deputy Bargstadt answered the call. Sergeant Van Buren gave Norwood a verbal warning, returned his driver's license, and told him that he was free to go. Sergeant Van Buren then asked Norwood if he could ask him a few more questions, and Norwood said "go ahead." (Tr. 66-67.) Sergeant Van Buren asked questions about luggage, what was in the car, and Norwood's itinerary. Norwood denied having any drugs or other contraband in the car. Sergeant Van Buren asked for consent to search the vehicle, and at 11:58:24 a.m. Norwood declined to give consent, stating "I just want to get home." (Ex. 1.) At 11:58:29 a.m. Sergeant Van Buren told Norwood that a drug dog would search the exterior of the car. At 11:59:48 a.m. Deputy Bargstadt ran the canine around the vehicle. The dog alerted at the rear end of the vehicle, and Sergeant Van Buren told Norwood that he was detained. Sergeant Van Buren

searched the car and found suspected cocaine behind a rear wheel well inside the trunk. (Tr. 67.)

## ANALYSIS

Norwood objects to the following portions of Judge Thalken's findings of fact and conclusions of law: a reasonable articulable suspicion justified the stop; the stop was prolonged and he was detained beyond the time and scope justified by a routing traffic stop; once he refused consent to search the vehicle, his continued detention for the canine sniff violated the Fourth Amendment; and probable cause did not justify the search of the vehicle. The objections are discussed below.

### *Initial Stop*

Norwood argues that the government failed to prove that the traffic stop was justified by reasonable suspicion. The issue of reasonable suspicion is moot because the traffic stop was justified by two minor traffic violations, following another vehicle too closely and traveling on the interstate at less than 40 miles per hour. (Tr. at 8-10; Ex. 1.) The evidence of the traffic violations is uncontroverted and provided probable cause for the traffic stop. *United States v. Stachowiak,* 521 F.3d 852, 855 (8th Cir. 2008). The objection is denied.

### *Continued Detention; Scope*

Unlike Judge Thalken, I find the continued detention and scope of the stop *not* to be close questions. I conclude that the totality of the following circumstances provided reasonable suspicion that criminal activity was present, justifying the continued detention and expanded scope of the stop: fast food wrappers and other items in the car; Mr. Norwood's nervousness and heavy breathing, which Sergeant Van Buren stated went

beyond what he sees in routine traffic stops; Norwood's explanation that he was driving his nephew's Crown Victoria back to Ohio from attending a weekend wedding in California; inconsistent statements as to whether Norwood's luggage was inside the passenger compartment or the trunk of the car; and Norwood's inability to produce a registration document for the vehicle, constituting a law violation. *United States v. Chavez Loya,* 528 F.3d 546, 553 (8th Cir. 2008). In describing "reasonable suspicion," the Eighth Circuit has stated that reasonable suspicion may be found even if each factor in isolation might be innocent. *United States v. Linkous,* 285 F.3d 716, 720 (8th Cir. 2002). Finally, while "reasonable suspicion" must be more than a hunch, the Fourth Amendment only requires "'some minimal, objective justification for an investigatory stop.'" *Chavez Loya,* 528 F.3d at 553 (quoting *United States v. Lyons,* 486 F.3d 367, 371 (8th Cir. 2007)). The factors listed above, taken together, provided a reasonable suspicion that criminal activity might have been afoot and justified Norwood's continued detention and the expansion of the scope of the traffic stop. The objection is denied.

### *Canine Sniff; Detention*

Norwood objects to the continued detention after he refused to consent to a search of the vehicle. The canine, which was already at the scene, was deployed around the exterior of the car. Norwood argues that under "analogous circumstances," the Eighth Circuit Court of Appeals held that no proper basis existed to continue a stopped driver's detention to deploy a drug dog. Filing No. 33, at 4, citing *United States v. Jones,* 269 F.3d 919 (8th Cir. 2001).

In *Jones,* after the defendant refused to consent to a search of his camper, the officer radioed for a canine unit. None was in the area, and the canine did not arrive at the

5

scene until one hour after the unit was requested and almost one and one-half hours after the stop began. *Id.* at 923. The officer never told Jones that he was free to leave, which indicated a nonconsensual encounter. *Id.* at 926. The Eighth Circuit concluded that the two factors described – minimal nervousness and an inconsistent answer regarding prior arrests – did not amount to reasonable suspicion and, therefore, Jones's continued detention violated his Fourth Amendment rights. *Id.* at 928-29.

The situation presented in Norwood's case has a different set of facts. Norwood was told that he was free to leave, which indicates a consensual encounter after that point. Moreover, the drug dog was on the scene when Norwood refused consent to search the car at 11:58:24 a.m., and the only delay was in getting the dog out of a police vehicle and deploying the dog at 11:59:48 a.m. The delay was only one and one-half minutes long. (Ex. 1.) Norwood's factual situation is closer to the set of facts presented in *United States v. Alexander,* 448 F.3d 1014 (8th Cir. 2006). In *Alexander,* at 2:01 p.m. on the day in question the officer gave Alexander a written warning, asked whether anything illegal was in the car, and asked permission to search the car. Alexander refused to allow the search. At approximately 2:03 p.m. the officer told Alexander that he would search the exterior of the car with a canine. The canine sniff was conducted at approximately 2:05 p.m. *Id.* at 1015. In *Alexander,* the Eighth Circuit stated:

> A canine sniff of the exterior of a car conducted during a traffic stop that is lawful at its inception and otherwise executed in a reasonable matter does not infringe upon a constitutionally protected interest in privacy. Such a dog sniff may be the product of an unconstitutional seizure, however, if the traffic stop is unreasonably prolonged before the dog is employed. Once an officer has decided to permit a routine traffic offender to depart with a ticket, a warning, or an all clear, the Fourth Amendment applies to limit any subsequent detention or search. We recognize, however, that *this dividing line is artificial and that dog sniffs that occur within a short time following the*

> *completion of a traffic stop are not constitutionally prohibited if they constitute only de minimis intrusions on the defendant's Fourth Amendment rights.*

*Id.* at 1016 (citations omitted) (emphasis added).

The *Alexander* court reasoned that it need not decide the exact point at which the traffic stop ended or whether reasonable suspicion existed to detain Alexander after that point, because the subsequent canine sniff "was a de minimis intrusion on Alexander's Fourth Amendment rights." *Id.* The *Alexander* court discussed its decision in *United States v. $404,905.00 in U.S. Currency,* 182 F.3d 643 (8th Cir. 1999), in which the court concluded that "when a police officer makes a traffic stop and has at his immediate disposal the canine resources to employ this uniquely limited investigative procedure, it does not violate the Fourth Amendment to require that the offending motorist's detention be momentarily extended for a canine sniff of the vehicle's exterior." *Id.* at 649. The *Alexander* court also cited to its decision in *United States v. Martin,* 411 F.3d 998, 1002 (8th Cir. 2005), in which the Eighth Circuit stated that a canine sniff that occurs two minutes after the end of a routine traffic stop is only a de minimis intrusion on the driver's liberty that does not violate the Fourth Amendment.

For the reasons discussed, the Court concludes that the one and one-half minute delay after Norwood's routine traffic stop ended was de minimis and did not violate Norwood's Fourth Amendment rights. The objection is denied.

*Probable Cause for Vehicle Search*

Norwood argues that the government did not show probable cause for the warrantless search of the vehicle. The Court disagrees. The canine's positive alert is not itself a search; rather, the canine sniff provided probable cause for the warrantless search. *United States v. Lakoskey,* 462 F.3d 965, 976 (8th Cir. 2006). The objection is denied.

## CONCLUSION

For the reasons discussed, the Report and Recommendation is adopted and the Defendant's objections are overruled. The motion to suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 24) is adopted in its entirety;

2. The Defendant's Objections to the Report and Recommendation (Filing No. 32) are overruled; and

3. The Defendant's Motion to Suppress (Filing No. 16) is denied.

DATED this 12th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge